Brown v Calisi (2024 NY Slip Op 04056)

Brown v Calisi

2024 NY Slip Op 04056

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-02193
 (Index No. 54048/19)

[*1]Tonya P. Brown, appellant, 
v
Domenic Calisi, et al., respondents, et al., defendants.

Jonna Spilbor Law, Poughkeepsie, NY (Andrew W. Humphreys of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Frank Izzo, Henry Mascia, and Eric Santos of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated January 20, 2023. The order granted the motion of the defendants Domenic Calisi and Donatella Calisi for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident. The defendants Domenic Calisi and Donatella Calisi (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated January 20, 2023, the Supreme Court granted the motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder and lumbar region of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Alford v Morency, 225 AD3d 828, 829; Staff v Yshua, 59 AD3d 614). Furthermore, the defendants demonstrated, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Alford v Morency, 225 AD3d at 829; Wettstein v Tucker, 178 AD3d 1121). In opposition, the plaintiff failed to raise a triable issue of fact (see Alford v Morency, 225 AD3d at 829; Wettstein v Tucker, 178 AD3d at 1121).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court